MERRITT, Circuit Judge,
dissenting.
Times have changed in federal court. Faced with similar reasoning and the same result from a district court 60 years ago, Judge Swan and Judge Hand reacted dif *248 ferently in Seaboard National Bank v. Rogers Milk Products Co., 21 F.2d 414, 417 (2d Cir.1927):
It is a shocking result, and such as justly brings receiverships into disrepute in the popular mind.
# # * * * *
We can conceive of no benefit which the estate in receivership could obtain by selling free of liens, and of no interest which the receivers could have in so selling, except to get fees for themselves and their attorneys. We wish to condemn in no uncertain terms the practice of permitting the receiver to sell free of liens and without the consent of the lienors, under such circumstances.
Here the Court has extinguished the tax lien of a city, a prior perfected property right, and has redistributed public revenues to a group of Chapter 11 administrative creditors, mainly Detroit law firms, who had no prior security or other perfected property interest in any of the property of the bankrupt. The lawyers, whose unsecured accounts arose in the administration of the receivership after the city had perfected its tax liens, are given the public tax funds. Such a result may raise serious constitutional questions, but these questions have not been suggested or briefed by the parties.
The Bankruptcy Reform Act, § 363(f), 11 U.S.C. § 363(f), allows, liens to be extinguished and property sold free of liens “only if ... the price at which such property is to be sold is greater than the aggregate value of all liens on such property”— with a few exceptions not present here. No conditions exist here that permit the city’s liens to be extinguished upon sale, and neither this Court nor the District Court suggest any. There is no justification under the Bankruptcy Code, in equity or in sound policy for taking prior property rights held by the public and transferring them to private business interests who took the risk of doing business with the Chapter 11 debtor.
There are a number of routes under the Bankruptcy Code by which the superior interest of the city in the property could be preserved now that the property has in fact been sold and the funds escrowed. See, e.g., 11 U.S.C. § 363(e): “Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold or leased, or proposed to be used, sold or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest.” The Legislative history of § 363(f) makes it clear that any “sale under this subsection is subject to the adequate protection requirement. Most often, adequate protection in connection with the sale free and clear of other interests will be to have those interests attached to the proceeds of the sale.” House Rep. No. 95-595, 95th Cong., 1st Sess. 345 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6302. No such condition has been attached to the proceeds of the sale here. Rather, the proceeds will be turned over to the lawyers at the expense of the city’s interest.
For our purposes the simplest procedure would be to reverse the decision of the District Court and reinstate the decision of the Bankruptcy Court ordering abandonment of the property. This is the method approved in In re Stroud Wholesale, Inc. 47 B.R. 999 (D.N.C.1985), affirmed Richardson v. Pitt County, No. 85-1422 (4th Cir., decided Jan. 21, 1986). This method or the impressment of a constructive trust on the proceeds under § 363(e) will prevent the Bankruptcy Reform Act from turning debtors into distressed vessels on a sea of § 724 spoils for privateers to plunder.